UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

**GREENVILLE DIVISION**

| | |
|---|---|
| **DENNIS APPEL and CHRISTOPHER BOSHOFF,**<br><br>**Plaintiffs,**<br><br>**v.**<br><br>**KYLE MILLS TRUCKING & CUSTOM HARVESTING, LLC and KYLE MILLS,**<br><br>**Defendants.** | **Civil Action No.** 4:21-CV-037-DMB-JMV<br><br>**COMPLAINT AND JURY DEMAND** |

**COMPLAINT**

1. This is an action for unpaid wages, fraud, fraud in the inducement and contract damages brought by Plaintiffs, two South African citizens, who were employed by Defendants in 2019 under the federal H-2A work visa program. Defendants defrauded Plaintiffs and the federal government to obtain the visas by falsely representing that Plaintiffs would be employed as agricultural workers on Defendants' farm. They were not. Instead, Defendants employed Plaintiffs solely as heavy tractor-trailer truck drivers, requiring them to work an average of 95 hours a week, hauling grain and fertilizer for various other companies across state lines. Defendants did this to bring foreign workers in under the federal visa program at the lowest wage rate possible – well below the local prevailing wage for heavy trucking, which Defendants would have had to pay if Defendants had accurately described the work Plaintiffs actually performed. Defendants' actions not only violated U.S. law and the rights of Plaintiffs, but also gave

Defendants an unfair advantage over their U.S. business competitors who obeyed the law and paid fair wages.

2. To obtain the H-2A visas for Plaintiffs, Defendants stated to the federal government (and to prospective U.S. and foreign job applicants including Plaintiffs) that they would provide agricultural work operating farm machinery to plant, cultivate and harvest various crops, including grains, corn and soybeans. This was false. After receiving certification to employ H-2A workers, and contrary to their statements to the United States Department of Labor ("DOL"), Defendants employed Plaintiffs as heavy truck drivers to transport various materials throughout Mississippi and in adjoining states. In so doing, Defendants paid their employees, including Plaintiffs, below the legally required prevailing wages for the work performed.

**JURISDICTION AND VENUE**

3. This Court has jurisdiction over this action pursuant to 29 U.S.C. § 216(b) (Fair Labor Standards Act ("FLSA")) and 28 U.S.C. § 1331 (subject matter jurisdiction).

4. This Court has supplemental jurisdiction over Plaintiffs' state law causes of action pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy.

5. This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b). Defendants are residents of Winona, Montgomery County, Mississippi. As set forth below, many of the events giving rise to Plaintiffs' claims occurred within this judicial district.

**PARTIES**

7. Plaintiffs Dennis Appel and Christopher Boshoff are citizens and residents of the

Republic of South Africa. In the spring of 2019, Plaintiffs were admitted to the United States on a temporary basis pursuant to 8 U.S.C. § 1101(a)(15)(H)(ii)(a) to work as agricultural equipment operators for Defendants Kyle Mills Trucking and Custom Harvesting, LLC and Kyle Mills.

8. Defendant Kyle Mills Trucking and Custom Harvesting, LLC is a closely-held Mississippi corporation based in Winona, Montgomery County.

9. Defendant Kyle Mills is a natural person residing in Winona, Mississippi. He is the owner, registered agent and sole officer of Defendant Kyle Mills Trucking and Custom Harvesting, LLC and throughout the period relevant to this action, directed and controlled the activities of Kyle Mills Trucking and Custom Harvesting on a daily basis.

## FACTS

### Defendants' Participation in the Federal H-2A Visa Program

10. The H-2A program was created by the Immigration and Nationality Act, 8 U.S.C. § 1188, and is implemented through regulations set out at 20 C.F.R. §§ 655.100 to 655.185 and 29 C.F.R. §§ 501.0 to 501.47. The H-2A program authorizes the admission of foreign workers to perform agricultural labor or services of a seasonal or temporary nature.

11. An employer in the United States may import foreign workers to perform agricultural labor or services of a temporary nature if the DOL certifies that (1) there are insufficient available workers within the United States to perform the job, and (2) the employment of foreign workers will not adversely affect the wages and working conditions of similarly situated U.S. workers. 8 U.S.C. §§ 1101(a)(15)(H)(ii)(a) and 1188(a)(1), and 20 C.F.R. § 655.100. Foreign workers admitted in this fashion are commonly referred to as "H-2A workers."

12. Employers seeking the admission of H-2A workers must first file a temporary employment certification application with the DOL. 20 C.F.R. § 655.130. This application must include a job offer, commonly referred to as a "clearance order" or "job order," complying with applicable regulations. 20 C.F.R. § 655.121(a)(1). Employers must certify that the job offer describes the actual terms and conditions of the employment being offered and that it contains all material terms of the job. 20 C.F.R. § 653.501(c)(3)(viii).

13. Federal regulations establish the minimum benefits, wages, and working conditions that must be offered by the petitioning employer in order to avoid adversely affecting similarly situated U.S. workers. 20 C.F.R. §§ 655.120, 655.122 and 655.135. Among these terms is a requirement that for every hour or portion thereof worked during a pay period, the employer will pay the workers the highest of the agricultural adverse effect wage rate (AEWR), the applicable prevailing wage for the occupation in the geographic area where the work is to be performed, the federal minimum wage, or the state minimum wage. 20 C.F.R. § 655.120. In 2019, the highest of these wages for an agricultural equipment operator was the AEWR which, in 2019 in Mississippi, was $11.33 per hour.

14. In January 2019, alleging a lack of available, documented agricultural equipment operators, Defendants filed with the DOL an application seeking a temporary employment certification to hire through the H-2A program up to eight temporary foreign workers as agricultural equipment operators for work from March 15, 2019 through December 1, 2019.

15. The temporary employment certification application described in Paragraph 12 listed Mills Trucking and Custom Harvesting as the prospective employer of the H-2A workers. It is believed that this referred to Defendant Kyle Mills Trucking and Custom Harvesting, LLC.

16. The temporary employment certification application described in Paragraph 12 included a clearance order that, like the temporary labor certification application, identified the prospective employer of the workers as Mills Trucking and Custom Harvesting. As required by 20 C.F.R. § 653.501(c)(3)(viii), the clearance order included a certification that it described the actual terms and conditions of employment being offered and contained all material terms of the job. This certification was signed by Defendant Kyle Mills, who identified himself as the owner of Mills Trucking and Custom Harvesting. A copy of the clearance order accompanies this Complaint as Exhibit A. The application and clearance order were prepared by USA Farm Labor, Inc., acting as Defendants' agent, although the information set out was provided by Defendants.

17. The temporary employment certification application described in Paragraph 12 identified Mills Trucking and Custom Harvesting as an individual employer, rather than an H-2A labor contractor or job contractor.

18. The temporary employment certification application described in Paragraph 12 stated that the workers hired to fill the advertised positions would:

> drive and operate farm machinery to plant, cultivate, harvest and store grain crops. Attach farm implements, such as plow, disc and drill to tractor. Till soil; plant and cultivate grain. Tow harvesting equipment and cotton picker. Drive and operate combine, tractors, grain buggy. General lubrication service (check fluids), and incidental repair to farm machinery. Drive grain trucks to transport crops to elevator or storage area.

The clearance order included as part of the temporary employment certification (Exhibit A) contained this same job description.

19. Having described the job duties as those of an agricultural equipment operator, the temporary employment certification application promised to pay the AEWR, $11.33 per

hour, as the highest of the AEWR, prevailing wage, or federal or state minimum wage for the job described.

20. The temporary employment certification application described in Paragraph 12 explicitly and implicitly incorporated the DOL's regulations at 20 C.F.R. § 655 Subpart B.

21. In Appendix A to the temporary employment certification application described in Paragraph 12, Defendant Kyle Mills signed a declaration under the penalty of perjury that he had reviewed the application and that to the best of his knowledge, the information contained in the application was true and accurate.

22. In the temporary employment certification application described in Paragraph 12 and the accompanying clearance order (Exhibit A), Defendants knowingly made false statements regarding both their business status and the duties to be performed.

23. Although they represented in their temporary employment certification application that they were an individual employer, in their employment of Plaintiffs and other H-2A workers, Defendants operated as job contractors. None of Plaintiffs' actual job assignments involved work on Defendants' own farm. Instead, once they arrived, Plaintiffs' duties consisted entirely of hauling material, such as grain and fertilizers, from other farmers or chemical plants to other farmers and businesses throughout Mississippi and in adjoining states.

24. In their temporary employment certification application and the accompanying clearance order (Exhibit A), Defendants knowingly misrepresented the job duties to be performed by the H-2A workers, including Plaintiffs. Although both the temporary employment certification application and the clearance order stated that the H-2A workers would be employed as agricultural equipment operators on Defendants' own farm, Plaintiffs were never assigned such duties. Instead, Plaintiffs were employed driving heavy trucks in excess of 26,000

pounds to transport harvested grain crops from various farms in the Winona area to storage elevators in Arkansas, Mississippi and Alabama. No part of these grain crops was produced by Defendants. Plaintiffs also were employed driving heavy trucks to transport fertilizer from chemical plants to farms in Mississippi and elsewhere.

25. Defendants' false statements in their temporary employment certification application and the accompanying clearance order as described in Paragraphs 22 through 24 were made under oath.

26. Defendants' false statements in their temporary employment certification application and the accompanying clearance order as described in Paragraphs 22 through 24 were made, *inter alia*, to enable Defendants to pay Plaintiffs wages at a rate substantially below that required by law.

27. Admission of foreign workers under the H-2A program is limited to those individuals who will perform agricultural labor or services, as defined in 8 U.S.C. § 1101(a)(15)(H)(ii)(a) and 20 C.F.R. § 655.103(c). Under the H-2A program, agricultural labor or services include all work performed on a farm involving cultivating, raising, or harvesting agricultural or horticultural commodities, activities commonly referred to as "primary agriculture." Agricultural labor or services also include activities performed in connection with primary agriculture activities, but only if those activities are performed on a farm or by the farmer engaged in the primary agriculture activities ("secondary agriculture").

28. Additionally, agricultural labor or services include the delivering of agricultural commodities to storage, but only if the employer produced more than one-half of the commodities.

29. Plaintiffs were not employed in either primary or secondary agriculture activities. They were not employed cultivating, raising or harvesting agricultural or horticultural commodities. While some of their work driving heavy trucks involved transportation of grain crops, this employment was neither performed on a farm nor for the farmers who produced the grain crops. Instead, the work was performed as employees of Defendants, operating as job contractors.

30. Neither did Defendants produce more than one-half of any agricultural commodities that Plaintiffs delivered to storage.

31. None of Plaintiffs' work constituted agricultural labor or services within the meaning of 20 C.F.R. §655.103(c).

32. To obtain foreign workers to perform temporary or seasonal nonagricultural jobs, such as the truck driving jobs to which Plaintiffs were assigned, an employer must file an application for temporary employment certification under the H-2B program, 20 C.F.R. §§ 655.1, *et seq.*

33. Among other things, employers seeking certification to employ H-2B nonagricultural workers must offer wages at least equal to the prevailing wage for the occupation in the area of intended employment, as determined by the National Prevailing Wage Center ("NPWC") of the DOL. 20 C.F.R. § 655.10. Absent employer-submitted data, the NPWC prevailing wage is the arithmetic mean of the wages of workers similarly employed (as defined by the Bureau of Labor Statistics' Occupational Employment Statistics codes) in the area of intended employment. The NPWC prevailing wage in Montgomery County, Mississippi for heavy truck drivers was $18.25 per hour for work performed between January 1 and June 30, 2019 and $18.96 per hour for work performed after July 1, 2019.

34. If Defendants wanted to hire foreign truck drivers and comply with the law, they could have and should have applied for certification to employ H-2B workers at the NPWC prevailing wage of $18.25 per hour and, after July 1, 2019, $18.96 per hour.

35. On or about January 22, 2019, the DOL accepted the H-2A temporary employment certification application and clearance order submitted on behalf of Mills Trucking and Custom Harvesting as described in Paragraph 12. The clearance order, including the false job description and lower wage rate of $11.33 per hour, was circulated to local job service offices in an effort to meet the requirement that these jobs be first offered to U.S. workers before visas are obtained for foreign workers.

36. On or about February 12, 2019, the DOL's National Processing Center granted in full Mills Trucking and Custom Harvesting's H-2A temporary employment certification application, authorizing the admission of eight agricultural equipment operators for employment as H-2A workers between March 15 and December 1, 2019. The United States Citizenship and Immigration Services of the Department of Homeland Security in turn issued H-2A visas to fill the manpower needs described in the temporary employment certification application and accompanying clearance order.

**Defendants' Recruitment and Hiring of Plaintiffs**

37. To meet the manpower requirements for their job set out in the temporary employment certification application described in Paragraph 12 and the accompanying clearance order (Exhibit A), Defendants recruited and hired workers from South Africa, including Plaintiffs Dennis Appel and Christopher Boshoff.

38. In addition to the clearance order (Exhibit A), Defendants used a separate document, captioned "Summary of Terms of Employment," in its recruitment of Plaintiffs and

the other South African workers. Upon being hired, and while still in South Africa, Plaintiffs Appel and Boshoff each executed a Summary of Terms of Employment agreement. The agreements were signed on behalf of the employer by Defendant Kyle Mills. A copy of the Summary of Terms of Employment accompanies this Complaint as Exhibit B.

39. The Summary of Terms of Employment (Exhibit B) added several additional terms for the employment relationship beyond those set out in the clearance order. Among other things, the Summary of Terms of Employment provided for the reimbursement of certain pre-employment expenses the workers would incur. Workers were promised reimbursement of the $190 visa application fee paid to the U.S. Consulate within 48 hours of their arrival at Defendants' jobsite. Inbound transportation expenses were to be reimbursed within the workers' first pay period with Defendants.

40. As part of the recruitment process, Defendants' H-2A agents in South Africa provided job applicants, including Plaintiffs, with copies of the clearance order and the Summary of Terms of Employment, both of which had been signed by Kyle Mills on behalf of the employer.

41. Relying on the assurances and promises set out in the clearance order and the Summary of Terms of Employment, Plaintiffs accepted Defendants' offer of employment.

42. Plaintiffs incurred and paid expenses in conjunction with obtaining H-2A visas and entering the United States to come to work for Defendants. These expenses included a visa application fee of $190 and the airfare between South Africa and Mississippi.

43. The expenses incurred and paid by Plaintiffs as described in Paragraph 42 were incurred primarily for the benefit or convenience of Defendants within the meaning of the regulations implementing the FLSA, 29 C.F.R. §531.3(d)(1).

44. On March 15, 2019 Plaintiff Dennis Appel was issued an H-2A visa to work for Mills Trucking and Custom Harvesting, LLC. Plaintiff Appel entered the United States shortly thereafter and commenced employment with Defendants.

45. On April 18, 2019 Plaintiff Christopher Boshoff was issued an H-2A visa to work for Mills Trucking and Custom Harvesting, LLC. Plaintiff Boshoff entered the United States shortly thereafter and commenced employment with Defendants.

**Plaintiffs' Employment with Defendants**

46. Throughout the period of their employment by Defendants, Plaintiffs were engaged in commerce within the meaning of the FLSA and its implementing regulations, because, *inter alia*, they were employed transporting materials, including grain and fertilizer, between Mississippi and other states.

47. At all times relevant to this action, Kyle Mills Trucking and Custom Harvesting, LLC was an employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d) and the H-2A regulations, 20 C.F.R. § 655.103(b). Kyle Mills Trucking and Custom Harvesting, LLC directed and supervised Plaintiffs' work activities, assigned them their tasks, and paid them their wages for their labor.

48. At all times relevant to this action, Kyle Mills was an employer of Plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203(d) and the H-2A regulations, 20 C.F.R. § 655.103(b).

49. Plaintiff Dennis Appel was employed by Defendants from approximately March 23 through August 26, 2019.

50. Plaintiff Christopher Boshoff was employed by Defendants from approximately April 29 through November 26, 2019.

51. Upon Plaintiffs' arrival in Mississippi, Defendant Kyle Mills told both Plaintiffs that their job assignments would consist solely of driving heavy trucks, rather than performing the duties described in the temporary employment certification application and the accompanying clearance order and that he would only pay Plaintiffs $11.33 per hour, the 2019 Mississippi agricultural AEWR for their work. Defendant Kyle Mills also stated that he would not promptly reimburse Plaintiffs' expenses for the visa application and inbound transportation.

52. Having used the H-2A program in previous years, Defendants knew that it would be difficult for Plaintiffs to refuse to do what they were being told or to leave their employ because the H-2A visa only allows the visa holder to work for the employer listed on the H-2A visa, in this case, Mills Trucking and Custom Harvesting, LLC.

53. Having collectively paid thousands of dollars in transportation costs to travel to the U.S. and knowing their H-2A visas only allowed them to work for Mills Trucking and Custom Harvesting, LLC, Plaintiffs felt compelled to stay and do what Kyle Mills instructed them to do.

54. Throughout their employment with Defendants, Plaintiffs were assigned to drive heavy trucks in excess of 26,000 pounds to transport harvested grain crops from various farms in the Winona area, none of them owned or operated by Defendants, to storage elevators in Arkansas, Mississippi and Alabama. In addition, Plaintiffs transported fertilizer from chemical plants in Mississippi to farms in Mississippi and adjacent states in these same heavy trucks. Plaintiffs worked an average of 95 hours a week, sometimes driving up to 19 hours a day.

55. For their labor described in Paragraph 54, Plaintiffs were paid $11.33 per hour, the 2019 Mississippi agricultural AEWR.

56. At no point did Defendants inform Plaintiffs that they were in fact entitled to the

prevailing wage of $18.25 per hour (and, after July 1, 2019, $18.96 per hour) for heavy truck driving instead of the $11.33 per hour they were paid.

57. Despite the promises made in the Summary of Terms of Employment (Exhibit B), Defendants did not reimburse Plaintiffs for the $190 visa application fee within 48 hours of their arrival at Defendants' jobsite.

58. Despite the promises made in the Summary of Terms of Employment (Exhibit B), Defendants did not reimburse Plaintiffs for their pre-employment transportation expenses within their first pay period in Defendants' employ.

59. Plaintiffs' wages for their first workweek in Defendants' employ were less than the FLSA minimum wage as a result of Defendants' failure to reimburse Plaintiffs during that workweek for their visa application fees and their inbound transportation expenses.

60. Defendants failed to pay Plaintiff Christopher Boshoff for three days of work on or around April 30, May 1 and May 2, 2019, during which he was working with Plaintiff Dennis Appel to haul fertilizer as part of Defendants' contract with Helena Agri-Enterprises, LLC, amounting to approximately 45-55 hours of unpaid labor.

61. Defendants failed to pay Plaintiff Dennis Appel any wages for his final workweek. Plaintiff Appel was employed for 17 hours during his final workweek.

## CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
FAIR LABOR STANDARDS ACT (FLSA)

62. Plaintiffs assert this claim for damages against Defendants pursuant to the FLSA, 29 U.S.C. §§ 201, *et seq*.

63. Defendants violated 29 U.S.C. § 206 by failing to pay Plaintiffs the applicable FLSA minimum wage of $7.25 per hour for every compensable hour of labor Plaintiffs

performed in their respective first workweeks, as described in Paragraphs 57-59.

64. Defendants violated 29 U.S.C. § 206 by failing to pay Plaintiff Christopher Boshoff any wages for three days of labor in April and May 2019, as set out in Paragraph 60.

65. Defendants violated 29 U.S.C. § 206 by failing to pay Plaintiff Dennis Appel any wages for his final workweek, as set out in Paragraph 61.

66. As a consequence of Defendants' violation of the FLSA, Plaintiffs are entitled to recover their unpaid minimum wages, plus an equal amount in liquidated damages, reasonable attorney's fees, and costs.

**SECOND CLAIM FOR RELIEF**
FRAUD

67. In their temporary employment certification application described in Paragraph 12 and the accompanying clearance order (Exhibit A), Defendants made a false representation of material fact when they stated that Plaintiffs would be employed as agricultural equipment operators.

68. In their temporary employment certification application described in Paragraph 12 and the accompanying clearance order (Exhibit A), Defendants made a false representation of material fact when they stated that Plaintiffs would be paid at least the applicable prevailing wage for their work.

69. Defendants knew that the representations described in Paragraphs 67 through 68 were false. Upon Plaintiffs' arrival in Mississippi, Defendant Kyle Mills told Plaintiffs that their job assignments would consist solely of driving heavy trucks, rather than performing the duties described in the temporary employment certification application and the accompanying clearance order.

70. Following Plaintiffs' arrival in Mississippi, Defendants required Plaintiffs to drive

heavy trucks but paid Plaintiffs at the pay rate for agricultural equipment operators, $11.33 per hour, well below the applicable prevailing wage of $18.25 per hour (and, after July 1, 2019, $18.96 per hour) for their work.

71. Defendants intended to induce action by Plaintiffs in reliance upon the representations described in Paragraphs 67 through 68. Having used the H-2A program in previous years, Defendants knew that their agents in South Africa would provide signed copies of the clearance order to prospective applicants, including Plaintiffs, and that Plaintiffs would be induced to accept Defendants' job offer based on the job duties described therein. Defendants further knew that, once in the United States, it would be difficult for Plaintiffs to leave their employ as the H-2A visa requires Plaintiffs to work for the employer on their visa.

72. Plaintiffs justifiably relied on the representations described in Paragraphs 67 through 68 when they decided to accept Defendants' job offer. Among other things, Plaintiffs justifiably believed that the clearance order accurately set out the job duties because Defendant Kyle Mills certified that the clearance order described the actual terms and conditions of the employment being offered and contained all material terms of the job, a certification required by 20 C.F.R. § 653.501(c)(3)(viii).

73. Had Plaintiffs been told they were entitled to the prevailing wage of $18.25 per hour (and, after July 1, 2019, $18.96 per hour) for heavy truck driving instead of the $11.33 per hour they were paid, they would have insisted on the higher wage and would not have worked for the lower wage.

74. Plaintiffs would not have accepted the employment offer from Defendants to drive heavy trucks across state lines at the pay rate for agricultural equipment operators absent the false representations regarding the job duties to be performed and the wages to be paid.

75. Plaintiffs seek all appropriate relief in an amount to be determined at trial, including the difference between what they were paid ($11.33 per hour) and what they should have been paid ($18.25, and after July 1, 2019, $18.96 per hour) for the work they performed, as well as special and consequential damages that are the natural or proximate result of the fraud, and punitive damages.

**THIRD CLAIM FOR RELIEF**
BREACH OF CONTRACT

76. In 2019, Defendants were Plaintiffs' employers within the meaning of the H-2A regulations, 20 C.F.R. § 655.103(b).

77. The clearance order (Exhibit A), in combination with the Summary of Terms of Employment (Exhibit B) constituted a valid employment contract containing all material terms of Plaintiffs' employment for Defendants.

78. In the clearance order, Defendants promised to pay Plaintiffs the highest of the prevailing wage, AEWR, or federal or state minimum wage.

79. In 2019, the highest of these wages for driving heavy trucks was the prevailing wage of $18.25 per hour until July 1, 2019, and thereafter it was $18.96 per hour.

80. Defendants breached Plaintiffs' contracts by assigning them to drive heavy trucks and by failing to pay them the applicable prevailing wage ($18.25 per hour and, after July 1, 2019, $18.96 per hour) for driving those trucks.

81. Defendants breached the Plaintiffs' contracts by failing to reimburse Plaintiffs for the $190 visa application fee within 48 hours of their arrival at Defendants' jobsite.

82. Defendants breached the Plaintiffs' contracts by failing to reimburse Plaintiffs for their inbound transportation expenses within their first pay period in Defendants' employ.

83. Defendants breached Plaintiff Christopher Boshoff's contract by failing to pay

him for three days of work in April and May 2019.

84. Defendants breached Plaintiff Dennis Appel's contract by failing to pay him for his final week of work.

85. Plaintiffs seek all appropriate relief, including but not limited to the wages due them at the applicable prevailing wage rate, other unpaid wages, and punitive damages.

**FOURTH CLAIM FOR RELIEF**
FRAUD IN THE INDUCEMENT

86. In their temporary employment certification application described in Paragraph 12 and the accompanying clearance order (Exhibit A), Defendants made a false representation of material fact when they stated that Plaintiffs would be employed as agricultural equipment operators and described the job duties as including driving and operating farm machinery.

87. In their temporary employment certification application described in Paragraph 12 and the accompanying clearance order (Exhibit A), Defendants made a false representation of material fact when they stated that Plaintiffs would be paid at least the applicable prevailing wage for their work.

88. The clearance order (Exhibit A), in combination with the Summary of Terms of Employment (Exhibit B) constituted a valid employment contract containing all material terms of Plaintiffs' employment for Defendants.

89. Defendants knew that the representations described in Paragraphs 86 through 87 were false. Upon Plaintiffs' arrival in Mississippi, Defendant Kyle Mills told Plaintiffs that their job assignments would consist solely of driving heavy trucks, rather than performing the duties described in the temporary employment certification application and the accompanying clearance order.

90. Following Plaintiffs' arrival in Mississippi, Defendants required Plaintiffs to drive

heavy trucks but paid Plaintiffs at the pay rate for agricultural equipment operators, $11.33 per hour, well below the applicable prevailing wage of $18.25 per hour (and, after July 1, 2019, $18.96 per hour) for their work.

91. Defendants intended to induce Plaintiffs to enter into the employment contract in reliance upon the representations described in Paragraphs 86 through 87. Having used the H-2A program in previous years, Defendants knew that their agents in South Africa would provide signed copies of the clearance order to prospective applicants, including Plaintiffs, and that Plaintiffs would be induced to accept Defendants' job offer based on the job duties described therein. Defendants further knew that, once in the United States, it would be difficult for Plaintiffs to leave their employ as the H-2A visa requires Plaintiffs to work for the employer on their visa.

92. Plaintiffs justifiably relied on the representations described in Paragraphs 86 through 87 when they decided to accept Defendants' job offer. Among other things, Plaintiffs justifiably believed that the clearance order accurately set out the job duties because Defendant Kyle Mills certified that the clearance order described the actual terms and conditions of the employment being offered and contained all material terms of the job, a certification required by 20 C.F.R. § 653.501(c)(3)(viii).

93. Plaintiffs did not know they would be assigned to drive heavy trucks until they arrived in the United States after great expense and learned they had been deceived about the nature of the job. They also were not informed by the Defendants that they were entitled to the prevailing wage of $18.25 per hour (and, after July 1, 2019, $18.96 per hour) for heavy truck drivers. Because of the Defendants' deception in this regard, Plaintiffs drove heavy trucks at the

lower pay rate for agricultural equipment operators. Had they known they were entitled to the higher wage, they would have insisted on it.

94. Plaintiffs seek all appropriate relief in an amount to be determined at trial, the difference between what they were paid ($11.33 per hour) and what they should have been paid ($18.25 per hour and, after July 1, 2019, $18.96 per hour) for the work they performed, as well as special and consequential damages that are the natural or proximate result of the fraud, and punitive damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray that this Court enter an order:

(a) Declaring that Defendants, by the acts and omissions described above, violated Plaintiffs' rights under the minimum wage provisions of the FLSA at 29 U.S.C. § 206(a) as set forth in Plaintiffs' First Claim for Relief;

(b) Granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, on Plaintiffs' FLSA minimum wage claim as set forth in their First Claim for Relief and awarding Plaintiffs their unpaid minimum wages, an equal amount in liquidated damages, costs of court, and attorney's fees;

(c) Granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, on Plaintiffs' fraud claim as set forth in their Second Claim for Relief and awarding Plaintiffs compensatory and punitive damages for Defendants' fraud;

(d) Granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, on Plaintiffs' contract claim as set forth in their Third Claim for Relief and awarding Plaintiffs damages for Defendants' contractual breaches including

punitive damages;

(e) Granting judgment in favor of Plaintiffs and against Defendants, jointly and severally, on Plaintiffs' fraudulent inducement claim as set forth in their Fourth Claim for Relief and awarding Plaintiffs compensatory and punitive damages for Defendants' fraud;

(f) Awarding Plaintiffs pre- and post-judgment interest, as allowed by law;

(g) Awarding Plaintiffs their costs; and

(h) Granting such other relief as this Court deems just and appropriate.

**DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand trial by jury in this action of all issues so triable.

Respectfully submitted,

***/s/ Robert McDuff***
Robert McDuff, MS Bar No. 2532
Amelia S. McGowan, MS Bar No. 103610
MISSISSIPPI CENTER FOR JUSTICE
5 Old River Place, Suite 203
Jackson, MS 39202
Telephone: (601) 352-2269
Facsimile: (601) 352-4769
rbm@mcdufflaw.com
amcgowan@mscenterforjustice.org

***/s/ Reilly Morse***
Reilly Morse, MS Bar No. 3505
MISSISSIPPI CENTER FOR JUSTICE
764 Water Street
Biloxi, MS 39533
Telephone: 228-702-9987
Facsimile: 228-435-7285
rmorse@mscenterforjustice.org

Melia Amal Bouhabib, TN Bar No. 035588
*Pro Hac Vice Motion Forthcoming*
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Telephone: (615) 538-0725
Facsimile: (615) 366-3349
abouhabib@trla.org

David Huang, TN Bar No. 038530
*Pro Hac Vice Motion Forthcoming*
SOUTHERN MIGRANT LEGAL SERVICES
A Project of Texas RioGrande Legal Aid, Inc.
311 Plus Park Blvd., Ste. 135
Nashville, TN 37217
Telephone: (615) 538-0725
Facsimile: (615) 366-3349
dhuang@trla.org

ATTORNEYS FOR PLAINTIFFS