IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**DENNIS APPEL and**                                                                             **PLAINTIFFS**
**CHRISTOPHER BOSHOFF**

**V.**                                        **NO. 4:21-CV-37-DMB-JMV**

**KYLE MILLS TRUCKING &**
**CUSTOM HARVESTING, LLC**
**and KYLE MILLS**                                                         **DEFENDANTS**

**ORDER**

Before the Court are the "Plaintiffs' Motion for Entry of Judgment;" the "Plaintiffs' Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt;" and the defendants' "Motion to Establish a Settlement Payment Schedule."

**I**
**Background & Procedural History**

On March 25, 2021, Dennis Appel and Christopher Boshoff filed a complaint in the United States District Court for the Northern District of Mississippi against their former employer, Kyle Mills Trucking & Custom Harvesting, LLC, and its "owner, registered agent and sole officer," Kyle Mills. Doc. #1. The plaintiffs assert claims for (1) violations of the Fair Labor Standards Act ("FLSA") for an alleged failure to pay required minimum wages or any wages for specific days of work; (2) fraud based on alleged false representations about their employment and compensation; (3) breach of contract; and (4) fraud in the inducement. *Id.* at 13–19. The defendants answered the complaint on June 4, 2021,[1] and asserted a negligence counterclaim against Appel. Doc. #17.

---

[1] The defendants initially answered on May 21, 2021, Doc. #15, but subsequently filed an amended answer pursuant to Federal Rule of Civil Procedure 15.

United States Magistrate Judge Jane M. Virden held a settlement conference with the parties on October 12, 2021. Doc. #37. Though a settlement was not reached at that conference, the parties informed the Court later the same day that they had "reached a conditional settlement." *Id*.

After the defendants failed to make payments required under the settlement reached, the plaintiffs filed a motion to enforce the settlement. Doc. #38. By order issued July 6, 2022, this Court found that the settlement agreement was both enforceable and valid, and directed the defendants "to execute within ten (10) days … all documents to effectuate the settlement and, within the same time period, pay the plaintiffs the full [$34,000] amount due under the settlement agreement." Doc. #54. It is undisputed that the defendants did not pay $34,000 to the plaintiffs or execute the settlement documents within the time frame directed by the Court.

On August 8, 2022, the plaintiffs filed a motion "request[ing] entry of a Final Judgment incorporating the terms of the Agreement and awarding [them] the full amount due under the Agreement" ("Judgment Motion"). Doc. #59.

Four days later, the plaintiffs filed a "Motion for an Order to Show Cause Why Defendants Should Not Be Held in Contempt" ("Contempt Motion"). Doc. #61. In their memorandum in support of the Contempt Motion, the plaintiffs request that (1) "[a] remote, expedited contempt hearing be scheduled, with Defendant Kyle Mills required to appear personally;" (2) "[d]efendants be required to show cause why they should not be held in contempt of this Court's July 6, 2022 Order;" and (3) "Kyle Mills be ordered to surrender to the U.S. Marshall to be detained until such time as Defendants comply with the Court's order of July 6, 2022."[2] Doc. #62 at 10.

---

[2] Because some of these specific requests for relief are not mentioned in the plaintiffs' Contempt Motion, they are not properly before the Court.

2

In their August 22, 2022, response to the Judgment Motion, the defendants "pray that this Court enroll the Judgment, but allow Plaintiffs to present a means by which they might pay that judgment over time"[3] because "[w]riting a check for $34,000.00 is not currently possible." Doc. #63.

Four days after filing their response to the Judgment Motion, the defendants filed (1) a response to the Contempt Motion, Doc. #65, and (2) a "Motion to Establish a Settlement Payment Schedule" ("Schedule Motion"), Doc. #66. In support of both filings, the defendants argue that they "have demonstrated they cannot pay the settlement obligation in full at present[ because they] have hundreds of thousands of dollars due and owing to creditors, with hundreds of thousands of dollars past due" but "they are willing to make [a $250.00] payment monthly to the Plaintiffs and have sent a first payment of $500.00" and, if they are able, "following the Fall 2022 harvest, [they] will make a more substantial payment toward the settlement and, if possible, satisfy the obligation." Doc. #65 at PageID 1038–39; Doc. #67 at PageID 1299–301. To support their arguments, the defendants rely on the affidavit of Anna Mills, who "handle[s] the finances for Kyle Mills Trucking and Custom Harvesting," Doc. #65-1; account statements showing balances due to various entities, Docs. #65-2 to #65-4; a copy of a $500.00 check to defense counsel, Doc. #65-5; and April 30, June 30, and July 31, 2022 bank statements for a Kyle Mills Trucking Custom Harvesting account with Guaranty Bank, Doc. #65-6.

The plaintiffs' reply to the Contempt Motion argues that the defendants' response relies on the affidavit of Anna Mills but Kyle Mills, "a named Defendant in this case," "makes no appearance in [the response];" the defendants "make no mention of the July 6, 2022 Order, let

---

[3] Because a response to a motion may not include a counter-request for relief, *see* L.U. Civ. R. 7(b)(3)(C), the defendants' reply request to allow payments over time is not properly before the Court. However, the defendants' prayer that the judgment be enrolled may be deemed as their lack of objection to the plaintiffs' Judgment Motion.

3

alone try to remedy their failure to comply with it by, for example, executing the settlement papers as directed to do;" and the evidence the defendants rely on "come[s] nowhere near to establishing [their] inability to comply with the July 6, 2022 Order." Doc. #68 at 1–3.

In opposition to the Schedule Motion, the plaintiffs submit that "[a]s this Court noted in its July 6, 2022 Order, Defendants cite no law supporting their argument that a change in financial circumstances warrants a modification of the agreed-upon settlement terms" and "[e]ven if a change in financial circumstances warranted a modification of the agreement, Defendants fail to establish that such a change has occurred." Doc. #69 at 2. The plaintiffs argue that "there are no bank statements or any other financial data relating to Defendant Kyle Mills" and "the account statements for Kyle Mills Trucking & Custom Harvesting are woefully incomplete[ as t]hey do not show what money the company had in December 2021, when it was supposed to consummate the settlement, or January through April, 2022, when it could have been making payments to the Plaintiffs." *Id.* at 3. The plaintiffs further argue that the "offer to now pay $250 a month is both paltry and impractical" as they "reside in South Africa so any settlement proceeds would have to be wired to them, accompanied by a transfer fee for each transaction[; a]t $250 a month, it would take 11 years to consummate the settlement;" and the defendants "have made no effort to make up for the time lost as they have flouted their obligations." *Id.* at 4. To address these arguments, the defendants attached to their reply in support of the Schedule Motion an affidavit of Kyle Mills, Doc. #70-1, and an executed copy of the settlement agreement, Doc. #70-4.

II
Ruling

Based on the above:

1. Pursuant to the parties' consensus that judgment should be entered, the Judgment Motion [59] is **GRANTED**. A final judgment against the defendants for the full amount of the

4

settlement will be entered, with the Court retaining jurisdiction over enforcement.

2. A hearing on the Contempt Motion will be set for November 3, 2022.[4] The defendants and their counsel are **DIRECTED** to appear at the hearing in person and be prepared to submit evidence regarding the defendants' financial status from the time the settlement was reached in October 2021 until the date of such hearing. The Contempt Motion [61] is **DEFERRED** pending the hearing.

3. The Schedule Motion [66] is **DEFERRED** pending the hearing on the Contempt Motion.

**SO ORDERED**, this 6th day of October, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[4] To the extent the plaintiffs request a remote hearing to "avoid travel time for counsel," Doc. #62 at 7, the plaintiffs and their counsel may appear remotely to avoid incurring additional fees and expenses which they ultimately may seek to recover from the defendants.